UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED D. HARVEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV510 RWS |
| | ) | |
| BANK OF AMERICA CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendants' motion to dismiss.[1] Plaintiff's pro se complaint appears to bring federal and state claims related to property at 870 Pershall Road in St. Louis, Missouri.[2] For the reasons stated below, the motion

---

[1]Because the motion to dismiss attaches materials outside the pleadings, defendants asked the Court to treat the motion as one for summary judgment. For this reason, I provided plaintiff with notice and an opportunity to file additional materials in opposition to dismissal and/or summary judgment. Plaintiff filed an opposition to summary judgment on July 15, 2010, and defendants filed their reply brief on July 20, 2010. Accordingly, this matter is now ripe for disposition as a motion for summary judgment. See Riehm v. Engelking, 538 F.3d 952, 962 n.5 (8th Cir. 2008).

[2]Even affording the pro se complaint a liberal construction, plaintiff's complaint is merely a recitation of disjointed legal assertions that is devoid of facts which state a claim for relief. The Court notes that plaintiff has made nearly identical allegations against other banks and their officers in two other cases currently pending in this Court: Alfred D. Harvey, Jr. v. Pulaski Bank, et al., Cause Number 4:10CV553 DJS, and Alfred D. Harvey, Jr. v. CitiMortgage, Inc., et al., Cause Number 4:10CV551 TIA. Plaintiff's complaint is also strikingly similar to other pro se complaints filed in this Court, including Michael Barnes v. Citigroup Inc., Cause Number 4:10CV620 JCH, and Kenneth Haynes, et al. v. Bank of America Corp., N.A., et al., Cause Number 4:10CV409 RWS. Both of these cases were recently dismissed for failing to state a claim.

will be granted.

Background Facts

Plaintiff alleges that he is the holder of real property at 870 Pershall Road in St. Louis County, Missouri. However, records from the St. Louis County Department of Revenue establish that the property is actually owned by St. Louis Christian Center Church. Plaintiff is the President of St. Louis Christian Center Church. St. Louis Christian Center Church is not a party to this lawsuit. St. Louis Christian Center Church, not plaintiff, entered into a loan with Bank of America secured by the real property at issue here. This loan forms the basis of the lawsuit, but plaintiff does not attach the documents to his complaint. However, defendants have provided the documents as Exhibits B and C to their pending motion. Plaintiff signed these documents on behalf of St. Louis Christian Center Church as its President.

As the Court construes his complaint, plaintiff alleges that he did not actually take out a loan, but instead provided a bond to an unspecified party as part of a lawful exchange. Plaintiff then alleges that defendants converted or the note into a draft by endorsement without his consent, thereby altering his status from

debtor "to creditor and surety in fact."[3] Plaintiff also claims that defendants are "currently trading my unregistered securities in my name without authority and without consent and are benefitting at my expense." Plaintiff alleges that he was defrauded intentionally and personally and that his congregation was damaged in the amount of $24,000,000.00. Plaintiff asks the Court to "release [the] lien; repair any negative credit statements; discharge the alleged mortgage; bring forth the original promissory note (front and back); personally fine and charge each officer of bank . . .; and return . . . all payments of $2,675,00 . . . ."

Plaintiff's complaint names Bank of America Corporation[4], Brian Moynihan (Chief Executive Officer of Bank of America), Neil Cotty (interim Chief Financial Officer for Bank of America), David Darnell (President of Commercial Banking for Bank of America), Tom Czerwinski (plaintiff alleges he is a Vice President of Bank of America), and Andres Gluski (plaintiff alleges he is a Vice President of

---

[3] He alleges that he was tricked into "signing an agreement and deeding away real property under an security deed that immediately became unlawful when they destroyed the original promissory note but not before they converted me from a debtor to a surety."

[4] Plaintiff's opposition to summary judgment claims that there is nothing in the file to indicate that Bank of America Corporation, N.A. "is involved in" this case or "is even aware of this action." There is no legal entity known as Bank of America Corporation, N.A. If plaintiff is referring to Bank of America Corporation, the defendant he named in his complaint, then he is wrong because the file demonstrates that defendant Bank of America Corporation has accepted service, entered an appearance in this case, and filed a responsive pleading. If plaintiff is referring to Bank of America, N.A., defendants state that it is a wholly owned subsidiary of NB Holdings Corporation, which is a wholly owned subsidiary of Bank of America Corporation.

Bank of America but he has been employed by AES Corporation since 2007) as defendants.[5]

Plaintiff files his complaint under 42 U.S.C. § 1983. In paragraph 3 of his "Brief in Support of Plaintiff's Title 42 Lawsuit and Further Notice of Omnibus Motion," plaintiff alleges "Count 1 - Fraud in the Inducement."[6] In paragraph 4 of plaintiff alleges "Count 2- Fraud in Fact," and in paragraph 5 he alleges "Count 3 - Material Misrepresentation."[7] Plaintiff's brief then lists the following federal statutes: 28 U.S.C. § 1343; 28 U.S.C. § 1352; 28 U.S.C. § 1442; and the Fair Debt

---

[5]A review of the return of service as to defendant Gluski reveals that he was improperly served as an officer of Bank of America. However, because plaintiff's complaint alleges the same facts and claims against Gluski that are alleged against the remaining defendants, the Court dismisses the claims asserted against Gluski for the same reasons and on the same basis as stated in this Memorandum and Order.

[6]Paragraph 3 states:

Bank of America's use of deceit and trickery caused me to act to my disadvantage by signing an agreement and deeding away real property under a security deed that immediately became unlawful when they destroyed the original promissory note but not before they converted me from a debtor to a surety.

[7]Paragraphs 4 and 5 state:

Count 2-Fraud in Fact
Bank of America concealed the fact that they were going to convert me to a surety on an investment contract and made a false representation that I, Alfred D. Harvey Jr., was a debtor and that I, Alfred D. Harvey Jr. received a loan and am responsible for its repayment with the intent to benefit from my ignorance.

Count 3-Material Misrepresentation
Bank of America and Associates deliberately hid and falsified material facts about the true nature of the loan agreements and concealed those material facts thereby depriving me of the opportunity to abort the contract sooner than later.

Collection Practices Act, 15 U.S.C. § 1692 et seq. Plaintiff also cites the Uniform Commercial Code, the National Banking Act, the Truth in Lending Act, and unspecified securities violations.

## Discussion

Defendants move to dismiss the complaint against them. In support of their motion, defendants contend that plaintiff lacks standing to bring any of these claims because St. Louis Christian Center Church, not plaintiff, entered into the loan agreement with Bank of America and owns the real property at issue in this case. Defendants also contend that dismissal is appropriate because they, as private actors, cannot be sued under 42 U.S.C. § 1983, and that in any event, plaintiff fails to state claims under any of the referenced statutes. Defendants finally contend that dismissal is appropriate because plaintiff's complaint fails to state a claim against them.

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have " 'a short and

plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra); see also Gregory v. Dillard's Inc., 565 F.3d 464, 473 (8th Cir. 2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. Twombly, 550 U.S. at 555; accord Iqbal, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Iqbal, 129 S.Ct. at 1949; Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570; accord Iqbal, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will

ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Although pro se complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (quotations omitted), cited with approval in Palmer v. Clarke, 408 F.3d 423, 444 n. 15 (8th Cir. 2005).

In considering a motion for summary judgment, the court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As the moving party, defendant must establish that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy." Putman v. Unity Health System, 348 F.3d 732, 733-34 (8th Cir. 2003) (internal quotation marks and citation omitted). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. Wilson v. Int'l Bus. Machs. Corp., 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. 242 at 252; Davidson & Associates v. Jung, 422 F.3d 630, 638 (8th Cir. 2005). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007). Although a district court must rule on a motion for summary judgment after viewing the facts in the light most favorable to the non-moving party, it is not required to "accept unreasonable inferences or sheer speculation as

fact." Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir. 2004); Reed v. City of St. Charles, Missouri, 561 F.3d 788, 791-92 (8th Cir. 2009).

Plaintiff's complaint must be dismissed because it does not contain coherent facts or legal claims that would entitle him to relief.[8] Section 1983 provides the mechanism for enforcing rights secured by the Constitution and laws of the United States and does not confer any substantive rights. Gonzaga University v. Doe, 536 U.S. 273, 285 (2002). Therefore, plaintiff does not state a claim against defendants merely by alleging that his complaint is brought under § 1983. Plaintiff's federal claims fail because "only state actors can be held liable under § 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). Although a private party who willfully engages in joint activity with a state or its agents is considered a state actor, id., plaintiff's complaint is devoid of any such allegations that would subject these defendants to § 1983 liability. See Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008) (private parties not considered state actors under § 1983 because they did not exercise state power,

---

[8]Several cases similar to plaintiff's case have been filed in this Court in the past several months. They are all pro se cases asserting that their mortgage obligations should be dismissed and that any lien related to the mortgage should be released. These claims appear to be based upon the mistaken belief that banks cannot issue or service real estate loans for more than five years or that the debt instrument executed by the borrower for a loan was a bond which was somehow illegally transformed into a note and deed of trust (which are typical documents provided by the borrowers to obtain a residential and/or commercial real estate loan).

conspire with state officials, or seek prejudgment attachment of debtor's property; mere invocation of state legal procedures is not state action).

Plaintiff's allegations of "violations" of 28 U.S.C. §§ 1343, 1352 and 1142 also fail as a matter of law. These statutes are jurisdictional in nature, see 28 U.S.C. § 1343 (granting federal jurisdiction over civil rights conspiracy actions brought under 28 U.S.C. § 1985 and to address the deprivation under color of state law the equal rights of citizens); 28 U.S.C. § 1352 (granting federal jurisdiction over cases related to bonds issued under a law of the United States); and 28 U.S.C. § 1442 (granting federal jurisdiction over actions involving the United States and federal officers), and do not convey substantive rights or provide the Court with jurisdiction over plaintiff's case. Plaintiff is not bringing a civil rights or conspiracy claim, is not suing over a bond, and has not named any federal defendants in this action.[9]

Even if these defendants could be sued under § 1983, plaintiff's complaint would still fail as a matter of law. Plaintiff's rambling, nonsensical allegations about "providing a bond" and defendants altering his status from debtor "to creditor and surety in fact" may be attempting to allege the "vapor money" theory

---

[9]Even if he were, plaintiff would lack standing to bring these claims.

as a ground for recovery.[10] In the typical vapor money claim, "Plaintiff alleges that the promissory note he executes is the equivalent of 'money' that he gave to the bank. He contends that [the lender] took his 'money,' i.e., the promissory note, deposited it into his own account without his permission, listed it as an 'asset' on its ledger entries, and the essentially lent his own money back to him . . . He further argues that because [the lender] was never at risk, and provided no consideration, the promissory note is void ab initio, and Defendants' attempts to foreclose on the mortgage are therefore unlawful." Demmler v. Bank One NA, No. 2:05-CV-322, 2006 WL 640499 at *3 (S.D. Ohio Mar. 9, 2006). The vapor money theory and "similar arguments have been rejected by federal courts across the country." Michael J. Barnes v. Citigroup, Inc., et al., Cause No. 4:10CV620 JCH, (E.D. Mo. June 15, 2010) (quoting McLehan v. Mortgage Electronic Registration Sys., No. 08-12565, 2009 WL 1542929 at *2 (E.D. Mich. June 2, 2009)) (citations omitted). See, e.g., Thomas v. Countrywide Home Loans, No. 2:09-CV-00082, 2010 WL 1328644-RWS (N.D. Ga. Mar. 29, 2010); Andrews v. Select Portfolio Servicing, Inc., No. RDB-09-2437, 2010 WL 1176667 (D. Md.

---

[10]Even if this were a valid theory of recovery, which it is not for the reasons discussed below, defendants are correct that plaintiff would lack standing to assert it since he is not the debtor. However, leave to amend the complaint to add St. Louis Christian Center Church as a plaintiff would be futile since the claims fail whether asserted by the proper party or by plaintiff.

Mar. 24, 2010); Barber v. Countrywide Home Loans, Inc., No. 2:09-CV-40-GCM, 2010 WL 398915 (W.D.N.C. Jan. 25, 2010); Kuder v. Washington Mut. Bank, 4 CIV S-08-3087 LKK DAD PS, 2009 WL 2868730 (E.D. Cal. Sept. 2, 2009); Rodriguez v. Summit Lending Solutions, Inc., No. 09cv773 BTM(NLS), 2009 WL 2575703 (S.D. Fla. July 1, 2009); Gentsch v. Ownit Mortgage Solutions Inc., No. CV F 09-0649 LJO GSA, 2009 WL 1390843 (E.D. Cal. May 14, 2009). Because the vapor money theory is not a valid route to recovery, plaintiff's claims based upon it must be dismissed.

While the exact nature of his allegations is far from clear, plaintiff apparently alleges that defendants violated the National Banking Act. Although 12 U.S.C. § 83 prohibits national banks from making loans on the security of the shares of their own capital stock, this section does not apply here because the loan at issue was secured by real property, not by stock. Moreover, national banks are permitted to "make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate," so 12 U.S.C. § 371 does not apply to plaintiff's claims, either. Accordingly, plaintiff's claims under the National Banking Act must be dismissed.

Finally, plaintiff cannot state a claim under the Fair Debt Collection Practices Act (FDCPA). First, the Court notes that plaintiff's complaint and

motion fail to state any specific provision of the FDCPA that defendants are alleged to have violated. Therefore, on its face plaintiff's complaint fails to state a claim. To the extent that plaintiff's allegation that defendants failed "to answer challenges to the debt though they are required to do so" is an attempt to allege a violation of 15 U.S.C. § 1692g, it fails to state a claim under the FDCPA because that provision applies to "consumers," defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff is not a consumer under the FDCPA because he is not obligated to pay the loan with Bank of America. See McDaniel v. South & Associates, P.C., 325 F. Supp. 2d 1210, 1220-21 (D. Kan. 2004) (plaintiff not a consumer under the FDCPA because he never signed any of the closing or loan documents at issue and was not legally obligated under the note and mortgage). As explained above, the St. Louis Christian Center Church, not plaintiff, entered into the loan transaction at issue in this case. For this reason, plaintiff's claim under the FDCPA must fail.[11]

Plaintiff's FDCPA claims also fail because defendants are not "debt collectors," which is defined by statute as "any person who uses any

---

[11]Although a non-consumer might have standing to maintain an action under other provisions of the FDCPA, see Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290, 1297-99 (E.D. Mo. 2008), plaintiff's complaint makes no allegations that could be construed to fall within these provisions of the FDCPA. St. Louis Christian Center Church could not bring the FDCPA claim, either, because the act only applies to natural persons. See 15 U.S.C. § 1692a(3).

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692a(6) (emphasis added).[12]  Since Bank of America is the original creditor, it is not a "debt collector" within the meaning of the FDCPA.  Plaintiff's FDCPA claims must be dismissed.

To the extent plaintiff is attempting to allege a violation of the Truth in Lending Act, his bare-bones allegation that defendants "are attempting to collect upon a debt by unlawful means through a security deed that has been rescinded under the Truth in Lending Act"[13] is completely devoid of any factual support and does not "raise a right to relief above the speculative level."  Twombly, 127 S. Ct. at 1965 (citations omitted).  Accordingly, any Truth in Lending Act claim must be dismissed.

Although his complaint does not mention any specific securities law or regulation, plaintiff alleges that defendants' conduct amounts to "a direct SEC violation on disclosure, fraud against investors and filing of fraudulent reports to

---

[12]The FDCPA further limits this definition to exclude "any officer or employee of a *creditor* while, in the name of the *creditor*, collecting debts for such *creditor*."  15 U.S.C. § 1692a(6)(A) (emphases added).

[13]This is the type of meaningless statement that permeates plaintiff's complaint.

the SEC which contradict the validity and true nature of the security." Remedies for securities fraud are limited to the purchasers or sellers of securities. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 735-36 (1975). Because plaintiff fails to allege that he bought or sold any securities, his securities fraud claims must be dismissed.[14]

To the extent plaintiff's complaint alleges state law claims and without addressing their adequacy, the Court declines to exercise jurisdiction over them. Generally, this Court only has jurisdiction to adjudicate claims based on either federal subject matter jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331 & 1332. However, a "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one place." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988); see also 28 U.S.C. § 1367. Upon a determination that plaintiff's federal claims fail to state a claim, the Court has discretion to dismiss without prejudice plaintiff's attendant state law claims. See Miner v. Local 373, 513 F.3d 854, 866 (8th Cir. 2008). The Court, in its

---

[14]Plaintiff's complaint also fails to allege fraud with particularity as required by Fed. R. Civ. P. 9(b) and must be dismissed for that reason as well.

discretion, dismisses plaintiff's state law claims without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#13] is granted, and plaintiff's federal claims are dismissed. Plaintiff's state law claims are dismissed without prejudice.

A separate Order of Dismissal is entered this same date.

                                             RODNEY W. SIPPEL
                                             UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2010.